Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

55-6

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6569 | DATE | 1/12/2004 |
| CASE TITLE | Vasquez-Ruiz vs. USA | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies §2255 motion. Judgement is entered in favor of respondent United States of America.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| OR | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FELIX VASQUEZ-RUIZ, )
)
Movant, )
)
vs. ) Case No. 03 C 6569
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Felix Vasquez-Ruiz, a medical doctor, was convicted by a jury of multiple counts of mail fraud and health care fraud. In September 2002, he was sentenced to 168 months in prison. He did not file a notice of appeal. Vasquez-Ruiz has now filed a *pro se* motion pursuant to 28 U.S.C. § 2255 in which he asserts that his attorney was responsible for filing a timely notice of appeal but failed to do so. As a result, Vasquez-Ruiz contends, he received ineffective assistance of counsel. For the reasons set forth below, the Court denies Vasquez-Ruiz's motion.

Vasquez-Ruiz was represented by attorney Joseph Lopez at sentencing. With his motion, Vasquez-Ruiz submitted an affidavit in which he stated that prior to sentencing, Lopez advised him that he was likely to receive a sentence of 60 months or less. Vasquez-Ruiz Affid. ¶ 2. Immediately after the sentencing, according to Vasquez-Ruiz, Lopez promised to come see him at the Metropolitan Correctional Center, but he never did so. *Id.* ¶¶ 4-5. Vasquez-Ruiz assumed based on conversations with family members that a notice of appeal had been filed. *Id.* ¶ 5. After hearing nothing for several months, Vasquez-Ruiz wrote to Lopez and asked if a notice of



appeal had been filed. *Id.* ¶ 7; Motion, Ex. 4. Lopez wrote back and said no notice of appeal had been filed "since you did not want to appeal because the government planned to cross-appeal your sentence." Vasquez-Ruiz Affid. ¶ 8; Motion, Ex. 6. In his affidavit, Vasquez-Ruiz stated that Lopez had never discussed his appeal rights with him. Vasquez-Ruiz Affid. ¶ 9. Vasquez-Ruiz also submitted affidavits from several family members who stated that after the sentencing, Lopez assured them that he would file a notice of appeal (in context, it appears that these conversations occurred in or outside the courtroom, immediately after the sentencing hearing). *See* Affids. of Joseph Krabel, Marcela Krabel, Betty Moone, and Emperatriz Barnett.

In its response to Vasquez-Ruiz's motion, the government submitted affidavits from Lopez and his associate, Carlos Gonzalez. Both stated that Gonzalez was originally retained to represent Vasquez-Ruiz at sentencing and brought Lopez in as lead counsel. Lopez Affid. ¶ 2; Gonzalez Affid. ¶ 2. Lopez stated that he discussed with Vasquez-Ruiz prior to sentencing the fact that the presentence report had recommended a Sentencing Guideline calculation yielding a sentence range of 324 to 405 months and told Vasquez-Ruiz that it was likely he would receive a sentence in excess of ten years. Lopez Affid. ¶ 3. Lopez stated that he did not recall ever telling Vasquez-Ruiz that he would receive a sentence of 60 months. *Id.* ¶ 8.

Following the sentencing hearing, Lopez said, he directed Gonzalez to go to the MCC to speak with Vasquez-Ruiz about filing a notice of appeal. *Id.* ¶ 12. Gonzalez stated that he visited Vasquez-Ruiz "within the 10 day time period in which to file the Notice of Appeal" and discussed with him the possibility of an appeal as well as the possibility that the government would cross-appeal to challenge rulings by the Court that had the effect of reducing Vasquez-Ruiz's sentence from the much higher sentence the government had sought. Gonzalez Affid. ¶ 8.

2

According to Gonzalez, Vasquez-Ruiz "stated that he did not want to appeal due to the fact that there was a chance that the government could file a counter appeal and the defendant may be sentence[d] in excess of 168 months." *Id.* Gonzalez reported this to Lopez, along with the fact that Vasquez-Ruiz "desired to continue to cooperate [with the government's ongoing investigation] rather than appeal and risk a higher sentence." *Id.* In his affidavit, Lopez confirmed that Gonzalez had reported these facts to him. Lopez Affid. ¶ 12. Vasquez-Ruiz was interviewed by the government on October 25, 2002. Gonzalez Affid. ¶ 9. Gonzalez was present; he stated that at no time during the interview (or at any other time) did Vasquez-Ruiz ask that an appeal be filed. *Id.* ¶¶ 9, 10. Lopez likewise stated that Vasquez-Ruiz had never directed him to file a notice of appeal; he also stated that he had never committed to Vasquez-Ruiz's relatives to do so without Vasquez-Ruiz's approval, which was never given. Lopez Affid. ¶ 14.

Prior to filing his reply to the government's response, Vasquez-Ruiz obtained via the Freedom of Information Act the excerpts of attorney visit logs from the MCC reflecting attorney visits that he had received in September and October 2002. The material produced in response to the FOIA request, which Vasquez-Ruiz attached in its entirety to his reply, reflected two visits: one by Lopez on September 10, 2002 and one by Gonzalez on October 25, 2002. Reply, Ex. E. Vasquez-Ruiz maintains that these records confirm that he was not visited "within ten (10) days of his sentencing," as he claims Gonzalez had represented, and he contends that Gonzalez's purportedly contrary statement was a lie. Reply, p. 4.

Vasquez-Ruiz's belief that the attorney logs refute Gonzalez's statement is mistaken. It is true that the sentencing hearing was held on September 11, 2002, and that the logs do not reflect any attorney visits within ten days after that date. But that is not what Gonzalez represented in

3

his affidavit. Rather, Gonzalez stated that he visited Vasquez-Ruiz "within the 10 day time period in which to file the Notice of Appeal." The time for filing a notice of appeal does not begin to run until the judgment is entered on the docket. *See, e.g., United States v. Cantero*, 995 F.2d 1407, 1408 n.1 (7th Cir. 1993); Fed. R. App. P. 4(b)(1)(A)(i). Due to clerical delays, the judgment in Vasquez-Ruiz's case was not entered on the docket until October 21, 2002. The MCC attorney logs confirm that Gonzalez visited Vasquez-Ruiz on October 25, 2002, which was, as Gonzalez stated in his affidavit, within the ten day period in which to file a notice of appeal. In short, contrary to Vasquez-Ruiz's claim that the attorney logs refute Gonzalez's statement, the logs actually *corroborate* Gonzalez's statement.

The Court has carefully reviewed the affidavits that Vasquez-Ruiz submitted along with his petition. The affidavits of his family members do not support a claim that Vasquez-Ruiz himself directed counsel to file a notice of appeal; Vasquez-Ruiz was in custody at the time these conversations occurred and thus was not present when the family members spoke with counsel. It was Vasquez-Ruiz's decision, not counsel's, whether to appeal. In his own affidavit submitted with his § 2255 motion, Vasquez-Ruiz does not contend that he directed either Lopez or Gonzalez to file a notice of appeal, nor does deny that he later told Gonzalez that he did not wish to appeal because of his assessment of the risk of a cross-appeal by the government. Moreover, after receiving Lopez and Gonzalez's affidavits submitted along with the government's response, Vasquez-Ruiz did not provide a further affidavit denying Gonzalez's rendition of their October meeting at the MCC or Gonzalez's statement that Vasquez-Ruiz told him not to appeal. Rather, Vasquez-Ruiz's reply relies entirely on the purported inconsistency between the attorney log and Gonzalez's statements. *See* Reply, p.4. As the Court has explained, however, no such

4

inconsistency exists.

An attorney who fails to follow a client's direction to file a notice of appeal "acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969) and *Peguero v. United States*, 526 U.S. 23, 28 (1999)). Indeed, "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Peguero*, 526 U.S. at 28. But "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Flores-Ortega*, 528 U.S. at 477 (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Such is the case here. Because Vasquez-Ruiz has failed properly to support a claim that he directed counsel to file a notice of appeal, and has failed to dispute counsel's assertion that they were specifically told not to appeal, the Court denies his § 2255 motion. The Clerk is directed to enter judgment in favor of respondent United States of America.

                                                                       _____
                                                                        MATTHEW F. KENNELLY
                                                                        United States District Judge

Date: January 12, 2004